Angel Manuel **SIERRA–SERPA**, Plaintiff,

v.

Manuel **MARTINEZ**, Nery Bonilla–Campos, Edrai Morales–Figueroa, William Ortiz, Mercedes Otero–De–Ramos, and Jaime Lynn Vazquez, Social Worker Woe and Supervisor Soe, all individually, Defendants.

Civ. No. 90–2204CCC.

United States District Court,
D. Puerto Rico.

Aug. 29, 1991.

Carlos V. García–Gutiérrez, Hato Rey, P.R., for plaintiff.

Lou Ann Delgado, Atty., Héctor Rivera–Cruz, Secretary of Justice, Commonwealth of Puerto Rico, Antonio Fiol–Matta, Director, Federal Litigation Div., for defendants.

## JUDGMENT

CEREZO, District Judge.

This action for violation of civil rights is before us on the defendants' Motions to Dismiss filed on April 23, 1991 (docket entry 8) and May 21, 1991 (docket entry 14). As set out in the complaint, this action arises from the alleged mishandling of a urine sample given on or about January 12, 1988 by plaintiff Angel Sierra–Serpa, then incarcerated under the custody of the Administration of Corrections. The sample allegedly tested positive for marihuana. Plaintiff denied marihuana use, and contended that the sample had not been labeled. He was not allowed to see the test results, and his request for retesting was denied. The positive test resulted in reclassification of his custody status, transfer to the State Penitentiary and loss of furlough privileges.

Through counsel, plaintiff began a series of administrative appeals: on January 23, 1988 his attorney requested a second testing; on February 11, 1988 the attorney filed an administrative motion and a grievance. On March 30, 1988, again through counsel, plaintiff requested injunctive relief in the Superior Court of Puerto Rico. The matter was pursued exhaustively through both administrative and judicial channels, until the Superior Court ordered that the furloughs be reinstated. The administrator sought review of that order which was denied by the Supreme Court of Puerto

Rico, the mandate for which was issued April 4, 1989. Notwithstanding the Court's order, the furloughs were allegedly not reinstated. Additionally, the actions taken by the Administration of Corrections also affected his parole status and good-time credits.

Sierra–Serpa filed his complaint on September 11, 1990. Defendants base their dismissal motion primarily on the allegation that the case is time barred in that the action is subject to Puerto Rico's one-year statute of limitations period, and that the last date from which that could conceivably be calculated would be the April 4, 1989 denial of a rehearing of state proceedings, when the Administration of Corrections failed to implement the court order. Plaintiff, in his opposition (docket entry 13), does not dispute the one year applicable statute of limitations, or the fact that the action as pleaded does not present a continuous violation of his constitutional rights. Rather, he relies on 32 L.P.R.A. § 254 which states that:

> If a person entitled to bring an action ... be at the time the cause of action occurred....
> 3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life....
> The time of such disability is not a part of the time limited for the commencement of the action.

Under plaintiff's theory, because he was not released from prison until September 12, 1989, his cause of action is timely.

Defendants, in a reply filed June 6, 1991 (docket entry 16) argue that inasmuch as a 1974 revision of the Puerto Rico Penal Code restored civil liberties to inmates, that is, prisoners may pursue all civil actions which they may have, 32 L.P.R.A. § 254 has been tacitly repealed under 31 L.P.R.A. § 6,[1] insofar as it pertains to prisoners under civil interdiction.

Plaintiff sur-replied to the reply (docket entry 17) with an extensive analysis of the

---

1. § 6  Express or Implied Repeal
   The Repeal is either express or implied. It is express when it is literally declared by a sub-sequent law; it is implied, when the new law contains provision either contrary to or irreconcilable with those of the former law....

history of civil interdiction, arguing that "the differences are too great to pretend that the repeal of the civil interdiction statutes abrogated sub silentio § 254." In sum, he states that "Section 254's incapacity in the case of prisoners clearly refers to the *obvious inability of the incarcerated to go about the business of taking the necessary steps to protect their rights.*" (Emphasis ours.)

Sierra–Serpa's own complaint, however, belies the truth of this last statement. As delineated above, with the aid of his attorney, he fought an exhaustive administrative and judicial battle to overturn the effects of the allegedly erroneous urinalysis. There is no explanation why he discontinued his struggle after the April 4, 1988 mandate was issued. Additionally, the Court takes judicial notice of the myriad of civil rights actions filed by prisoners against the Administration of Corrections and its officials, as evidence of their ability to protect their rights.

Accordingly, we find that 32 L.P.R.A. § 254 does not provide plaintiff with a tolling of the statute of limitations; and that his cause of action is time barred. We, therefore, GRANT the defendants' Motion to Dismiss.

SO ORDERED.